# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4246 | **DATE** | 1/9/2004 |
| **CASE TITLE** | MIDDLETON vs. NORTH SHORE MOVERS, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' amended motion to vacate default judgment and for leave to file answers and affirmative defenses *instanter* is denied. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 13 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 35 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/9/2004 | |
| CB courtroom deputy's initials | | 04 JAN 12 PM 8:38 Date/time received in central Clerk's Office | date mailed notice PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEAN MIDDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 03 C 4246 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| NORTH SHORE MOVERS, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
JAN 1 3 2004

## MEMORANDUM OPINION AND ORDER

On June 20, 2003, Dean Middleton ("Middleton") filed a complaint for unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS 105/3(d), against North Shore Movers, Inc., Middleton Movers, Inc., Frank Larkin, and James Larkin (collectively, "defendants"). On December 4, 2003, this court granted Middleton's second motion for entry of default on defendants' **third** default. On December 11, 2003, this court denied defendants' motion to vacate and for leave to file answers and affirmative defenses *instanter*. Now, defendants have filed an amended motion to vacate and for leave to file answers and affirmative defenses *instanter*.

## BACKGROUND

Since return of service and summons, defendants have repeatedly failed to adhere to the schedule set by this court. This court granted defendants' first motion to vacate all defaults and for an extension of time to answer or otherwise plead early in the proceedings, after defendants

1

35

failed to appear for a scheduled status hearing. At that time, defendants were ordered to file an answer by October 10 and all parties were ordered to exchange Rule 26(a)(1) disclosures by October 20.

Despite this court's order, defendants did not file an answer by October 10, 2003. Middleton filed a motion for entry of default judgment on October 15. Defendants responded by filing a motion to dismiss the complaint. Having determined Middleton's motion for default was moot, this court took defendants' motion to dismiss under advisement. Ultimately, the motion was denied, and defendants were again ordered to answer – by November 20. Unable to meet this deadline, defendants did not seek another extension from the court, but instead informally agreed with Middleton's counsel not to answer the complaint until November 26.

Nevertheless, defendants did not file an answer by November 26, 2003. Middleton filed a second motion for entry of default on December 1. In response, defendants attempted the next day to file a motion for leave to file answers and affirmative defenses. Defendants' motion failed to attach their proposed answers or affirmative defenses for three of the four defendants or to provide three business days notice, in contravention of court procedure. On December 4, this court struck defendants' deficient motion, and granted Middleton's second motion for entry of default judgment. That same day, defendants filed a motion to vacate default judgment and for leave to file answers and affirmative defenses *instanter*. That motion was denied. Specifically, the court found that "[d]efendants fail to attach their proposed answers and affirmative defenses, fail to show good cause for their **third** default, fail to proffer a meritorious defense, and have failed to comply with Rule 26(a)(1) and the court's scheduling order. Given the record, the court

2

finds defendants' inadequate motion was filed for purposes of delay." Min. Ord. of December 11, 2003.

On December 23, almost two weeks after the default order, defendants filed this amended motion to vacate default judgment and for leave to file answers and affirmative defenses *instanter*. For the first time, in connection with the amended motion, defendants submitted each of the four defendants' proposed answers and affirmative defenses – albeit all unsigned. On that same date, defendants submitted documents to Middleton's counsel in accordance with Rule 26(a)(1), more than two months late.

## DISCUSSION

### I. LEGAL STANDARD

Preliminarily, this Court notes that defendants have brought this motion pursuant to Fed. R. Civ. P. 60(b). However, as detailed above, defendants originally moved to vacate this court's entry of default and for leave to file answers and affirmative defenses *instanter* on December 4, 2003. At that time, this court had not yet entered a final order or judgment. Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Therefore, Fed. R. Civ. P. 55(c) governed the review of defendants' original motion, thereby requiring defendants to show: (1) good cause for the default; (2) quick action to correct the default; and (3) a meritorious defense to the complaint. *Landau v. Cosmetic and Reconstructive Surgery Center, Inc.*, 158 F.R.D. 117, 118 (N.D. Ill. 1994). To date, this court still has not entered a final order or judgment. Accordingly, defendants' motion is not properly before this court pursuant to Fed. R. Civ. P. 60(b). Indeed, since no final order or judgment has been entered, defendants' amended

motion to vacate this court's entry of default essentially seeks reconsideration of the denial of defendants' original Rule 55(c) motion.

Motions for reconsideration serve a limited function of either correcting manifest errors of law or presenting newly-discovered evidence. *Calumet Lumber, Inc. v. Mid-America Industrial, Inc.*, No. 95 C 4875, 1996 WL 308243 at *1 (N.D.Ill. 1996). Motions for reconsideration do not provide a vehicle for a party to introduce new evidence or legal theories that could have been presented earlier. *Id.*

## II. DEFAULT

Defendants move for reconsideration and to vacate this court's December 4, 2003 entry of default. In moving for reconsideration, defendants argue that prior to December 2, 2003, they had good cause for failing to answer the complaint and comply with Rule 26(a)(1). Specifically, now for the first time defendants attribute the delay to personal circumstances, including the illness and death of a close relative of the individual defendants and the illness of the father of a North Shore Movers employee who was purportedly responsible for delivering necessary records to defendants' counsel. Previously, defendants' counsel simply attributed the delay to run-of-the-mill communication difficulties experienced with his clients. Defendants also contend that they intended to submit their answers and affirmative defenses to the complaint in connection with their motion to vacate on December 4, 2003, and only failed to do so because of the inadvertent error of their counsel's secretary. Finally, defendants' counsel claims that he was under the "mistaken impression that this Court's order of default should be addressed before any [Rule 26(a)] disclosures were made." Def. Mot. ¶ 10.

Middleton objects to defendants' motion, arguing that it lacks merit and serves only to inject further delay into these proceedings. Middleton argues that defendants' repeated failure to comply with the scheduling orders of this court is inexcusable in light of the Seventh Circuit's holding in *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1993) (communication problems between attorney and his clients is not good cause for purposes of motion to vacate default judgment). Middleton also argues that defendants have failed to proffer a meritorious defense, a showing necessary to set aside entry of default.

The personal circumstances belatedly cited by defendants do not warrant setting aside this court's December 4, 2003 entry of default. In their original motion to vacate – filed on December 4 – defendants claimed that the delay in filing was occasioned by mere difficulties with respect to client communication. Defendants' current argument was not raised at that time, despite the fact that defendants knew of these purported grounds and failed to raise them. Indeed, the affidavits proffered by defendants reveal that the health problems of the two relevant individuals date back to August and October, respectively. Defendants are precluded from raising this argument now. *Calumet Lumber, Inc.*, 1996 WL 308243 at *1 (motion for reconsideration is not the vehicle to introduce evidence that could have been introduced before); *cf., Planet Corp. v. Sullivan*, 702 F.2d 123 (7th Cir. 1983) (district court erred in considering second Rule 60(b) motion to vacate where argument could have been raised in first motion and time to appeal had expired); *Bsteem Holding Co., Inc. v. Stella*, No. 95 CIV. 5714, 1997 WL 576056 at *3 (S.D.N.Y. 1997) (denying defendants' second motion to vacate default judgment where voidness argument could have been raised in first motion to vacate, second motion was untimely, and voidness argument was meritless); *Collex, Inc. v. Walsh*, 74 F.R.D. 443, 445-49

5

(E.D. Pa. 1977) (rejecting new argument in motion to reconsider default judgment due in part to the fact that it could and should have been brought to the court's attention in original motion to set aside default judgment).

In any event, even if defendants had set forth their personal circumstances in the original motion to vacate, those difficulties would not constitute good cause for their third default. *Medline Industries, Inc. v. Medline Rx Financial, LLC*, 218 F.R.D. 170, 173 (N.D. Ill. 2003) (rejecting health problems as good cause because "[w]hen unpredictable and unfortunate circumstances arise . . . counsel should inform the court *before* the filing deadline passes why he will be unable to comply, and if that is not possible, should inform the court as soon as practicably possible why the filing was late.") (emphasis added). Defendants knew they were experiencing difficulties with this court's scheduling orders, and yet they did not inform the court at any time about personal circumstances, but instead ignored deadlines until Middleton filed a second motion for default on December 1. Accordingly, defendants fail to establish good cause.

Defendants' belated justification for failing to comply with Rule 26(a)(1) is unpersuasive. Defense counsel's mistaken impression that he should first address this court's December 4 entry of default before complying with Rule 26(a)(1) is nonsensical. Defendants were in default with respect to the Rule 26(a)(1) disclosures on October 21, 2003. Counsel's impressions after entry of default do not constitute good cause for failing to comply with Rule 26(a)(1) six weeks earlier. Moreover, to the extent defendants claim good cause based on personal circumstances existing at the time of default, these circumstances could and should have been brought to this court's attention months earlier. *Medline*, 218 F.R.D. at 173.

Nor is this court convinced that defendants were not in fact seeking to further delay the proceeding by filing a motion to vacate the default on December 4. Defendants claim that the proposed answers and affirmative defenses filed simultaneously with this motion were prepared on December 1 and 2, and were only omitted from their filing on December 4 due to an inadvertent error by counsel's secretary.[1] However, this assertion is belied by the fact that *neither* the stricken motion for leave to file answers and affirmative defenses filed on December 2 *nor* the motion to vacate default and for leave to file answers and affirmative defenses filed on December 4 attached these proposed answers and affirmative defenses. Indeed, the December 2 filing attached only a single defendant's answer and affirmative defenses, and that document differs from the document filed with the motion before this court. The record fails to establish that the preparation of all defendants' proposed answers and affirmative defenses was completed by December 2, *i.e.*, before entry of default on December 4. Instead, the record supports a reasonable inference that defendants filed their motion to vacate the default and for leave to file answers and affirmative defenses, without attaching the proposed answers and affirmative defenses, on December 4, 2003 for purposes of delay.

Because defendants fail to establish good cause for their default, it is irrelevant whether a meritorious defense exists as to Middleton's complaint. *Pretzel & Stouffer*, 28 F.3d at 46 (defendant "failed to clear the first hurdle when it did not show good cause for its default. This would have been sufficient basis to refuse to vacate [defendant's] default, even if it had a meritorious defense."). Moreover, as noted in the December 11 order, defendants failed to make

---

[1] The purported affidavit of defense counsel's secretary attesting to the inadvertent failure to attach defendants' proposed answers and affirmative defenses to the December 4 motion is not notarized, dated or filed under penalty of perjury.

7

*any* argument as to the existence of a meritorious defense in their original motion to vacate entry of default. Defendants' tardy attempt to show the existence of a meritorious defense – now for the first time – is too late. Defendants could and should have raised these arguments in their original motion. *Calumet Lumber, Inc.*, 1996 WL 308243 at *1; *cf. Planet Corp.*, 702 F.2d at 126; *Bsteem Holding Co., Inc.*, 1997 WL 576056 at *3; *Collex, Inc. v. Walsh*, 74 F.R.D. at 445-49.

## CONCLUSION

Defendants' amended motion to vacate default judgment and for leave to file answers and affirmative defenses *instanter* is denied.

January 9, 2004

ENTER:

Suzanne B. Conlon
United States District Judge